IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI D. INGRAM, | ) |
| | ) |
| Plaintiff, | )   Civil No. 22-1665 |
| | ) |
| v. | ) |
| | ) |
| COUNSELOR SCHWAB, WILSON, and | ) |
| JOHN/JOAN DOE | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On December 22, 2023, the Magistrate Judge issued a Report and Recommendation, ECF No. 33, recommending that Defendants Counselor Schwab and Wilson's Motion to Dismiss, ECF No. 16, be granted, without leave to amend.

The parties were informed that objections to the Report and Recommendation were due by January 5, 2024, for the electronically registered Defendants, and by January 10, 2024, for the non-electronically registered party Plaintiff. After obtaining an extension of time to file, Plaintiff Kai D. Ingram's Objections were timely filed on January 29, 2024. ECF No. 37.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Schwab and Wilson moved to dismiss Mr. Ingram's retaliation claim. The relevant alleged conduct is Schwab and Wilson informing Mr. Ingram, in October 2022, that he was required to complete certain programming, which happened to be shortly before Mr. Ingram's November 2022 Parole Board interview. The Parole Board denied parole to Mr. Ingram, in November 2022, noting that he had failed to complete the required programs. The Magistrate Judge concluded that Mr. Ingram was unable to establish the required causal link between his constitutionally protected activity and Schwab and Wilson's actions that required Mr. Ingram to complete the programming.

In his Objections, Mr. Ingram argues that the causal link is easily shown when the named Defendants' conduct is considered as one event in a sequence of retaliatory events dating back to an alleged false misconduct issued against Mr. Ingram that caused the denial of his initial automatic reparole date. In support of his argument that his retaliation claim is sufficient, Mr. Ingram includes lengthy and repetitive recitations of the events that date back to the alleged false misconduct.[1] He argues that all relevant events occurring from then until the present case, are part of a conspiracy to retaliate against Mr. Ingram by continually making sure that any

---

[1] At several places in his Objections, Mr. Ingram refers to fraudulent retaliatory misconduct issued by Allen Lynch, a Defendant in a separate civil action filed by Mr. Ingram at Civil No. 22-42. Mr. Ingram also claims that this Court has "found that the Plaintiff has established a viable retaliatory claim against Allen Lynch" for issuing "a fraudulent/retaliatory misconduct." ECF No. 37, at 18. This is inaccurate. Mr. Ingram's claim concerning his misconduct has been dismissed, a fact which has been stated by this Court on several occasions. Order, Jan. 30, 2024, ECF No. 93, at 2 (stating that the issues of Mr. Ingram's misconduct "are no longer at issue in this case"); Order, Dec. 12. 2023, ECF No. 76, at 2-3 ("Mr. Ingram's retaliatory false misconduct claim against Defendant Lynch [has been] dismissed"); and Mem. Op. and Order, May 17, 2023, ECF No. 45, at 2-3, § I.A. (explaining that Mr. Ingram's retaliation claim based upon the alleged false disciplinary infractions will be dismissed); and 7, § III.B.2 (dismissing with prejudice all claims based upon the alleged issuance of a false misconduct, an unfair disciplinary proceeding, and the rescission of Mr. Ingram's automatic reparole).

opportunity, he has for parole will fail. Such prior events, he argues, are connected to Schwab and Wilson's alleged retaliatory conduct, in part, because a reasonable inference arises from the fact that the two Defendants waited until just before his hearing to inform hm of the required programming. In addition, Mr. Ingram includes documentation from the prison, that he states requires that an inmate's programming must be determined within the firsts thirty days of arrival. While the Court is unable to find the exact requirement Mr. Ingram relies on in his attached exhibit, on matters of programming, it is counterintuitive to believe that prison staff are forbidden to adjust or add to an inmate's programs once the inmate has passed thirty days of incarceration.

The Court agrees with the Magistrate Judge that a causal link for a retaliation claim has not been established. The events referenced by Mr. Ingram are not germane to the Defendants' Motion to Dismiss the present retaliation claim. Moreover, he has failed to demonstrate a connection between such past events and the events in the current lawsuit. Finally, Mr. Ingram can only speculate that Schwab and Wilson had an ability to effect the Parole Board's decision. Thus, the Court agrees with the Magistrate Judge's recommendation and will overrule Mr. Ingram's Objections.

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 20th day of February 2024, IT IS ORDERED that the Report and Recommendation, ECF No. 33, filed on December 22, 2023, is adopted as the Opinion of this Court.

4

IT IS FURTHER ORDERED that Defendant Schwab and Wilson's Motion to Dismiss, ECF No. 16, is GRANTED. The Motion is Granted with prejudice as to all claims asserted against Schwab and Wilson in their individual and official capacities. Leave to amend is denied.

This matter is returned to the Magistrate Judge for further proceedings.

       s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    Kai D. Ingram, pro se
       HC8003
       SCI-GREENE
       169 PROGRESS DRIVE
       WAYNESBURG, PA 15370