## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 22-1665 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR SCHWAB, WILSON, and | ) | |
| JOHN/JOAN DOEs | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On February 9, 2024, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the Doe Defendants, the only remaining Defendants in this case. ECF No. 40. Plaintiff Kai D. Ingram was informed that objections to the Report and Recommendation were due by March 14, 2024. Mr. Ingram timely filed Objections by mailing said Objections on March 14, 2024. ECF No. 40 & 40-1.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I.      Background

Mr. Ingram initiated this action by suing Defendants Counselor Schwab and Wilson.  Mr. Ingram also named unidentified John/Joan Doe(s) as Defendants.  Mr. Ingram alleged that Schwab and Wilson told him, shortly before he was to appear before the Parole Board, that he had programming he must complete.  Mr. Ingram alleged that Schwab and Wilson added the programming completion requirement, which they knew could not be completed before Mr. Ingram's Parole Board appearance, in retaliation for Mr. Ingram's exercising his right to engage in the constitutionally protected activity of filing lawsuits.  The Parole Board did deny parole to Mr. Ingram, citing his failure to complete the required programs as one of the reasons for denial. Schwab and Wilson were subsequently dismissed from this lawsuit upon the granting of their Motion to Dismiss.  ECF No. 39.  Thus, the only remaining defendants in this case are the Doe Defendants.

With respect to the remaining unidentified Doe Defendants, the Magistrate Judge notes that, "other than listing them as defendants" Mr. Ingram "provides absolutely no information about" them.  ECF No. 40, at 3.  Mr. Ingram has also not alleged any facts in his Complaint concerning the Doe Defendants' alleged involvement in the events underlying Mr. Ingram's claims.  *Id.*  Mr. Ingram's only other Doe-related reference is an assertion that he would obtain any information about such unidentified Doe Defendants through discovery.  *Id.*

Although Mr. Ingram did not provide any substantive information about the Doe Defendants in his Complaint, the Magistrate Judge reviewed Mr. Ingram's other pleadings wherein he alleged substantive information about his claims against the Doe Defendants. Relevant to the Magistrate Judge's Report, Mr. Ingram has alleged in his non-Complaint pleadings that the Doe Defendants are unknown Pennsylvania Board of Probation and Parole

employees whose various adverse parole decisions he alleges were done in retaliation for Mr. Ingram's litigation activity.

## II.      Magistrate Judge's Report and Recommendation

To the extent Mr. Ingram alleges that the Doe Defendants are Pennsylvania Board of Probation and Parole employees, the Magistrate Judge recommends dismissal of any such claims against the Doe Defendants on the basis of absolute immunity.  In this circuit, a probation or parole officer is entitled to absolute immunity when engaged in adjudicatory acts.  *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir.1989).  Adjudicatory acts are those "functions integral to the judicial process." *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006).  "Examples of adjudicatory acts are a parole board member or parole or probation officer who '(1) hears evidence; (2) makes recommendations as to whether to parole a prisoner; or (3) makes decisions as to whether grant, revoke or deny parole.'"  *Sample v. Johnson*, No. CV 2:21-1301, 2023 WL 2649458, at *4 (W.D. Pa. Mar. 27, 2023) (quoting *Breslin v. Brainard*, No. 01-CA-7269, 2002 WL 31513425, at *7 n. 10 (E.D. Pa. Nov. 1, 2002)).  "However, parole officers are not entitled to absolute immunity for acts taken in their executive, administrative, or ministerial capacities." *Mayon v. Capozza*, No. 14-CV-1203, 2016 WL 704707, at *4 (W.D. Pa. Feb. 23, 2016) (citing *Wilson*, 878 F.2d at 775-76).  Thus, to the extent Mr. Ingram seeks to state a claim against any Doe Defendant in their capacity as a Pennsylvania Board of Probation and Parole employee, wherein he challenges any such Doe Defendant's adjudicatory act, such as rescinding parole, denying parole, or failing to investigate, such claims would be subject to absolute immunity.

The Magistrate Judge also explained that any § 1983 claim against a Parole Board member exercising an adjudicatory function is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Relevant to the present case, the Third Circuit Court of Appeals has specifically "held that *Heck* bars a prisoner's claim that state officials violated his constitutional rights by deciding that he was ineligible for parole unless and until that decision has been invalidated by an appropriate tribunal." *Williams*, 453 F.3d at 177. If the success of Mr. Ingram's section 1983 damages suit against any Doe Parole Board member would necessarily imply the invalidity or unlawfulness of his confinement or its duration, his claim is cognizable only if he can prove that his conviction, sentence, or duration of confinement had been reversed, invalidated, or called into question by a grant of federal habeas corpus relief. *Brown v. Williams*, 644 F. App'x 117, 120 (3d Cir. 2016). It is true, as stated in *Burkett v. Love*, "that a parole denial can give rise to a due process deprivation if it is based on constitutionally impermissible reasons." 89 F.3d 135, 139 (3d Cir. 1996). Nonetheless, the Third Circuit, quoting the Supreme Court, has explained that, an inmate's § 1983 action would be barred "'*if* success in that action would necessarily demonstrate the invalidity of the [inmate's] confinement or its duration.'" *Williams*, 453 F.3d at 177 (quoting *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005) (emphasis in original)). Thus, the Magistrate Judge concluded that any such § 1983 claim brought against the Doe Defendants by Mr. Ingram would be subject to dismissal because of the *Heck* bar.

## III.  Discussion

After review of the Complaint, the Magistrate Judge's Report and Recommendation, and Mr. Ingram's Objections, the Court concludes that dismissal of the Doe Defendants is warranted because there are insufficient allegations in the Complaint to state a claim upon which relief can be granted. Because Mr. Ingram has not sufficiently alleged any claim at all in his Complaint,

the Court is unable to dismiss any unasserted claim on the basis of absolute immunity or the *Heck* bar, at this time.  To set forth a valid claim upon which relief could be granted, and that would entitle a plaintiff to proceed to discovery, a plaintiff must allege the operative facts supporting the elements of a claim in his complaint.  Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  The complaint must also be signed by the plaintiff, which certifies to the court that the alleged factual contentions are true to the best of the plaintiff's knowledge.  Fed. R. Civ. Proc. 11(a) & 11(b).  A court cannot rely on facts alleged by a plaintiff in pleadings separate from the Complaint, such as facts alleged in a brief or objections.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Edwards v. Borough of Dickson City*, 994 F. Supp. 2d 616, 619 (M.D. Pa. 2014) ("The Court need not assume the plaintiff can prove facts that were not alleged in the complaint") (citing *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir.1998)).

In his Complaint, Mr. Ingram has failed to set forth sufficient facts to state a claim.  Since Mr. Ingram has not asserted allegations to support a valid claim against any Doe Defendant, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.  Mr. Ingram will be granted leave to amend his Complaint to assert a valid claim against the Doe Defendants.

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 17th day of April 2024, it is ORDERED that the Report and Recommendation, ECF No. 40, filed on February 9, 2024, is adopted as the Opinion of this Court, as supplemented and modified herein.

Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.  Leave to amend the Complaint to assert valid claims against the Doe Defendants is permitted.

Any Amended Complaint is due by May 22, 2024.  If no amended complaint is filed by May 22, 2024, this Order dismissing the Complaint will become final and this case will be closed.

This matter is returned to the Magistrate Judge for further proceedings.


  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Kai D. Ingram, pro se
HC8003
SCI-GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370