IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-cv-1665 |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | Magistrate Judge Patricia L. Dodge |
| COUNSELOR SCHWAB, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.     Recommendation**

It is respectfully recommended that the sole remaining defendant(s) in this case, John/Jane Doe(s), be dismissed with prejudice.

**II.    Report**

   **A.    Relevant Procedural History**

Plaintiff Kai D. Ingram, who is confined at the State Correctional Institute at Greene for a parole violation, filed *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Counselor Schwab, Wilson, and unknown John/Jane Doe defendants.

After Schwab and Wilson, both employees of the Pennsylvania Department of Corrections ("DOC"), were served with the Complaint, they moved to dismiss the claims against them. (ECF No. 16.) Their Motion to Dismiss was granted and all claims against Schwab and Wilson have been dismissed with prejudice. (ECF No. 39.) As a result, the sole remaining defendants in the case are the unidentified Doe defendants.

Pursuant to the screening provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the undersigned then recommended that the Court dismiss the claims brought against the Doe defendants with prejudice under the screening provisions of

the Prison Litigation Reform Act ("PLRA"). (ECF No. 40.) Upon de novo review, the Court agreed that the Doe defendants should be dismissed but allowed Ingram to amend his complaint to assert valid claims against the Doe defendants. (ECF No. 42) Ingram subsequently filed the Amended Complaint. (ECF No. 47.)

### B. Legal Standard

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Court may *sua sponte* consider the adequacy of the complaint pursuant to the screening provisions of the PLRA. *See*, *e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.11 (3d Cir. 2022) (explaining that the PLRA's screening provisions at 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c) are "applicable throughout the entire litigation process.") (internal quotation and citation omitted); *Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008) (the court may *sua sponte* rest its dismissal upon a ground not raised in a motion to dismiss pursuant to the screening provisions of the PLRA).

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

### C. Factual Allegations in Amended Complaint

In April of 2021, Ingram was found guilty of a prison misconduct which he alleges to have been "fraudulent/retaliatory." (ECF No. 47 ¶¶ 1-2.) In May of 2021, the Pennsylvania Board of Probation and Parole ("PBPP"), rescinded Ingram's automatic reparole date as a result of the misconduct. (*Id.* ¶ 3.) According to Ingram, the PBPP took no investigatory action to ascertain "the constitutionality legality" of the misconduct. (*Id.*) He alleges that the PBPP's failure to investigate was in retaliation for Ingram's court filings against PBPP and DOC employees. (*Id.*)

Ingram does not specifically identify the Doe defendants, but a generous reading of the Amended Complaint reveals that they are the PBPP employees who allegedly failed to investigate the constitutionality of the misconduct that was used to rescind his automatic parole date. He also alleges that he was repeatedly denied parole thereafter in a retaliatory manner. (*Id.* ¶ 5.) As relief, he seeks "$1,000,000 against each unknown Defendant in their individual, executive, administrative and ministerial capacities." (*Id.* at 4.)

### D. Discussion

Ingram's claim that the Doe defendants' failure to investigate was in retaliation for his filings against PBPP and DOC employees is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the rule of *Heck*, a prisoner plaintiff must seek federal habeas corpus relief or similar state remedies when they seek to invalidate the duration of their confinement either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.

3

In *Heck*, an inmate filed a § 1983 action alleging that the state prosecutors and investigators had engaged in an unlawful investigation and knowingly destroyed exculpatory evidence in connection with his criminal trial. The complaint sought compensatory and punitive damages, but not injunctive relief or release from custody. *Heck*, 512 U.S. at 479. In effect, the inmate was trying to challenge his criminal conviction while avoiding the rules requiring such challenges be brought in a habeas action after exhausting state remedies. The Supreme Court reiterated that a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement…even though such a claim may come within the literal terms of § 1983." *Id.* at 481. It compared the inmate's claim to a malicious prosecution claim, and held that a § 1983 action should not be available to challenge a conviction or sentence unless the conviction or sentence had been invalidated. *Id.* at 484-87.

The *Heck* Court then announced the rule that narrowed the ability of inmates to bring § 1983 damage claims relating to their criminal convictions or imprisonment:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

As this Court previously held when addressing Ingram's claim of retaliation against DOC employees for falsely charging him with the April 2021 misconduct, "[u]nder *Heck*, if a favorable judgment on Mr. Ingram's retaliation claim would 'necessarily imply the invalidity' of his disciplinary punishment, his conviction, his sentence, or the duration of his confinement, the claim must be dismissed." *Ingram v. Rudzienski*, Case No. 2:22-cv-42, ECF No. 45 at 3. In that case, Ingram's retaliation claim was dismissed because if he was successful on his retaliation claim concerning the disciplinary charges, it would necessarily imply that the disciplinary proceeding upholding the charges was invalid. In turn, this "would necessarily imply the invalidity of the Parole Board's decision to rescind Mr. Ingram's reparole date." (*Id.*)

Ingram argues that his claim is not barred by *Heck*, because "it challenges the manner in which he was denied [parole] and not the fact or duration of his confinement." (ECF No. 47 at 2.) This contention is without merit. Similar to the retaliation claim asserted in *Ingram v. Rudzienski*, if Ingram were successful on his retaliation claim concerning the PBPP's failure to investigate the constitutionality of the misconduct, it would necessarily imply that the PBPP's decision to rescind Mr. Ingram's reparole date, made in reliance on the results of that proceeding, and subsequent denials of parole, were also invalid. *See, e.g.*, *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (citing with approval *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997), which

5

observed "[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole").

Thus, Ingram's claim against the Doe defendants must be dismissed because it is barred by *Heck* and its progeny.

### E. Amendment

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson*, 293 F.3d at 108.

Here, based upon the holding in *Heck,* Ingram should not be permitted to further amend his complaint as such amendment would be both inequitable and futile.

### F. Conclusion

For these reasons, it is respectfully recommended that the Court dismiss the Doe defendants, who are the only remaining defendants in this case, and close this case. The dismissal should be with prejudice to Ingram attempting to reassert those claims in an amended complaint filed in this proceeding, but without prejudice to him bringing them in a subsequent civil action in the event he obtains a favorable termination related to the PBPP's decision to rescind his automatic reparole or it subsequent decisions to deny him parole.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties may, within fourteen (14) days, file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated:  August 29, 2024                                         /s/ Patricia L. Dodge
                                                                PATRICIA L. DODGE
                                                                United States Magistrate Judge