IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 22-1665 |
| | ) | |
| v. | ) | |
| | ) | |
| COUNSELOR SCHWAB, WILSON, and | ) | |
| JOHN/JOAN DOEs | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum Opinion and Order

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. Presently before the Court is the Magistrate Judge's Report and Recommendation, recommending that the remaining John/Jane Doe Defendants named in the Amended Complaint (ECF No. 47) be dismissed with prejudice. Rep. & Rec., Aug. 29, 2024, ECF No. 51. Plaintiff Kai D. Ingram timely filed Objections to the Report and Recommendation on October 4, 2024 (filed on the docket on October 8, 2024). ECF No. 54. For the reasons explained below, the Court will adopt the Magistrate Judge's Report and Recommendation, dismiss the John/Jane Doe Defendants with prejudice, and dismiss this action.

**I.     Background**

 **A. Dismissed Defendants Schwab and Wilson**

Mr. Ingram initiated this action by suing Defendants Schwab and Wilson. Mr. Ingram also named unidentified John/Joan Doe(s) as Defendants. Mr. Ingram originally alleged that a month before he was to go before the Parole Board in November 2022, Schwab called him into his office and informed him that he had two programs to complete, both of which were

recommended by Schwab and Wilson. Mr. Ingram alleged that Schwab and Wilson took this action, knowing that Mr. Ingram could not complete the programs before his November 2022 Parole Hearing. On November 22, 2022, the Parole Board denied Mr. Ingram parole due, in part, to his failure to complete the two programs recommended by Schwab and Wilson. Mr. Ingram alleged that Schwab and Wilson retaliated against him, by making him responsible to complete the two programs, because Mr. Ingram had engaged in the constitutionally protected activity of filing lawsuits. Schwab and Wilson were dismissed from this case with prejudice because the Court determined that Mr. Ingram was unable to establish the required causal link between his constitutionally protected activity and Schwab and Wilson's actions. Mem. Order, Feb. 20, 2024, ECF No. 39, adopting Rep. & Rec., Dec. 22, 2023, ECF No. 33.

### B. Dismissal of John/Jane Doe(s) Without Prejudice

With the dismissal of Schwab and Wilson, the remaining Defendants were the John/Jane Doe Defendants. The Magistrate Judge *sua sponte* reviewed the Complaint pursuant to the screening provisions of the Prison Litigation Reform Act (PLRA). As the Complaint did not contain any substantive information about the Doe Defendants, the Magistrate Judge reviewed Mr. Ingram's other filings in this case to determine who the Doe Defendants were and what claims Mr. Ingram asserted against them. In Mr. Ingram's other filings, the Magistrate Judge determined that Mr. Ingram asserted that the Doe Defendants were unknown Pennsylvania Board of Probation and Parole (PBPP) employees, whose various adverse parole decisions were allegedly done in retaliation for Mr. Ingram's litigation activity. Based upon such allegations, the Magistrate Judge concluded that, (i) the Doe Defendants would be entitled to absolute immunity, as Parole Board members were exercising adjudicatory functions, and (ii) the claims against the Doe Defendants were barred by the holding in *Heck v. Humphrey*, 512 U.S. 477

(1994). Rep. & Rec., Feb. 29, 2024, ECF No. at 4.  The Magistrate Judge thus recommended that the Doe Defendants be dismissed with prejudice.  *Id.*

Upon review of the Magistrate Judge's Report and Recommendation, the Complaint, and Mr. Ingram's Objections, this Court concluded, on different grounds than the Magistrate Judge, that the Doe Defendants must be dismissed because Mr. Ingram had not alleged *any* claim against said Defendants *in his Complaint*.  Mem. Order, April 17, 2024, ECF No. 42, at 4-5.  Mr. Ingram was granted leave to amend his Complaint, to assert a valid claim against the Doe Defendants.  Mr. Ingram timely filed his Amended Complaint on July 24, 2024.  ECF No. 47.

### C. Amended Complaint as to the Doe Defendants

In Mr. Ingram's Amended Complaint, he alleges that the Doe Defendants retaliated against him because of his civil litigation activity, when they rescinded his reparole date initially, and thereafter, on several occasions, when they denied him parole.  In support of his retaliation claim, Mr. Ingram alleges that, on April 16, 2021, he was charged with committing a disciplinary infraction, also referred to as a prison misconduct.  Mr. Ingram maintains that the misconduct was false.  However, the misconduct was upheld after a disciplinary hearing.  Mr. Ingram appealed the hearing examiner's decision, but the appeal was denied.  Thereafter, Mr. Ingram has consistently alleged that the hearing examiner had committed error at his disciplinary hearing. Mr. Ingram alleges that the hearing examiner refused Mr. Ingram's request to investigate the basis of the misconduct, and she refused his request that she view certain video evidence of the incident, which Mr. Ingram alleges would have proven that the officers involved in the misconduct were lying.

On or around May 13, 2021, Mr. Ingram received a Notice informing him that the Parole Board had rescinded his automatic reparole date because he had been found guilty of the prison

misconduct. Mr. Ingram alleges that the Doe Defendants rescinded his reparole date in retaliation for Mr. Ingram's litigation activity. He further alleges that the Doe Defendants also retaliated against him by unlawfully refusing to conduct their own investigation into the factual basis of the misconduct lodged against Mr. Ingram before rendering a decision. Mr. Ingram also alleges that, thereafter, the Parole Board continued to deny parole in retaliation for his litigation activity. Finally, Mr. Ingram claims that at one of his Parole hearings, the Doe Defendants illegally, and as a pretext for denying him parole, asked him about the status of his civil lawsuits

### D.  The Present Report and Recommendation

In the present Report and Recommendation, the Magistrate Judge applied the screening provisions of the PLRA to Mr. Ingram's Amended Complaint. ECF No. 51, at 2. She concluded that Mr. Ingram's claims could not be maintained, because they were barred by the rule in *Heck*. ECF No. 51, at 3-6. Mr. Ingram timely filed Objections to the Report and Recommendation. ECF No. 54. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### II.  Discussion

Following a *de novo* review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Mr. Ingram's Objections do not undermine the recommendation of the Magistrate Judge. Mr. Ingram

raises three objections/arguments addressing the Magistrate Judge's recommendation to dismiss his retaliation claim against the Doe Defendants.

### A. Objection to *Heck* Bar Based on Parole Board's "Other Reasons"

Mr. Ingram objects to the application of the *Heck* bar to his retaliation claim, arguing that, "a finding that the misconduct was/is retaliatory does not automatically render the Plaintiff's confinement illegal as there could have been other reasons to rescind the Plaintiff's reparole." Obj.'s at 7. Mr. Ingram does not present any further argument or allegations as to what the Parole Board's "other reasons" were for rescinding his reparole date. In his Amended Complaint, Mr. Ingram cites only one reason for the Parole Board's conduct: the prison misconduct. He alleges that "his automatic reparole date was rescinded *as a result of* being found guilty of" the prison misconduct. Am. Compl. at 1, ECF No. 47 (emphasis added). He also alleges that the Parole Board's "decision to rescind was *based on* the alleged retaliatory/fraudulent findings of the DOC," which support the misconduct charge. *Id.* at 3 (emphasis added). Similarly, in his Objections, Mr. Ingram "maintains that *the retaliatory misconduct is the cause* of the illegal recission of his automatic reparole date, and all subsequent parole denials are the direct fruits of that initial illegality." Obj.'s at 7.

Even if there were other reasons for a parole decision, such would not preclude application of the *Heck* bar. Applying *Heck*, the Court views Mr. Ingram retaliation claim as encompassing the rescission of his reparole date, the failure of the Doe Defendants to investigate his misconduct, the allegedly unlawful questioning of Mr. Ingram at a parole hearing, and all subsequent parole denials. The Court then asks, if Mr. Ingram were successful on his retaliation claim against the Doe Defendants, whether that succcess would "necessarily imply the invalidity" of his punishment for the misconduct, his parole recission denial, his subsequent

5

parole denials, and the duration of his confinement. *Heck*, 512 U.S. at 486-87; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to prison disciplinary sanctions). Regardless of any "other reasons," it is clear to the Court that such success would imply the invalidity of the Parole Board members actions towards Mr. Ingram. Accordingly, the retaliation claim must be dismissed pursuant to *Heck*. Mr. Ingram's Objection is overruled.

### B. Parole Board Members Inquiring of Pending Civil Litigation

Mr. Ingram also argues that his claim should survive, based on his allegation that, during a July 7, 2023 parole hearing, Parole Board members improperly asked him about his pending civil litigation. Obj. ECF No. 54 at 7; Am. Compl. ECF No. 47, at p. 3. He alleges that the questions were only asked as a pretext for their denial of his parole in retaliation for his constitutionally protected litigation activity. The Magistrate Judge did not directly address Mr. Ingram's factual allegation that the Parole Board members asked improper questions. However, the Magistrate Judge did address Mr. Ingram's general claim that the Parole Board members retaliated against him because of his civil litigation, concluding that such a claim was barred by *Heck*. Rep. and Rec. at 3.

Regardless of Mr. Ingram's various supporting allegations, the issue remains as whether Mr. Ingram's retaliation claim is barred by *Heck*. Here, Mr. Ingram claims that the Defendants engaged in improper retaliatory questioning during his parole hearing. He argues that, if he is successful on this point, it would not imply the invalidity of his parole. The Court disagrees. If Mr. Ingram were successful in establishing that his July 7, 2023 parole denial was based on improper retaliatory questioning, then a successful result would necessarily imply that the July 7, 2023 parole denial is invalid. Thus, the claim is barred by *Heck*. Mr. Ingram's Objection is overruled.

### C. Challenge to the Parole Board's Alleged Procedure

Mr. Ingram next argues that the Parole Board maintains an unconstitutional procedure of complete reliance on DOC employees to provide evidence of a misconduct. Mr. Ingram argues that this alleged procedure unlawfully transfers parole decision making to DOC employees, who are not bound to ensure constitutional safeguards in parole decisions. Mr. Ingram argues that his argument is not subject to dismissal under the *Heck* bar, because he challenges the Parole Board's global unconstitutional *procedure*, rather than as applied to him.

Mr. Ingram has not directed the Court to a specific written procedure, or oral procedure, providing that the PBPP is to only rely on evidence of misconduct's provided by DOC employees. Thus, there is no evidence of any procedural defect asserted in the Amended Complaint. Even if there were a procedural challenge, the *Heck* bar would still apply. If Mr. Ingram were successful in establishing the unconstitutionality of the Parole Board's alleged procedure of relying on DOC employees' evidence in making parole decisions, such would necessarily imply that the Parole Board's adverse parole decisions against Mr. Ingram were invalid. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). The Court also notes that Mr. Ingram's Amended Complaint is directed at challenging the Parole Board members reliance on DOC's evidence as applied to him. Thus, this his claim is barred by *Heck*. Mr. Ingram's Objection is overruled.

Accordingly, the following Order is hereby entered.

### ORDER

AND NOW, this 1st day of November 2024, it is ORDERED that the Report and Recommendation, ECF No. 51, filed on August 29, 2024, is adopted as the Opinion of this Court, as supplemented herein.

IT IS FURTHER ORDERED that Plaintiff's Amended claims asserted against the John/Jane Defendants are dismissed as being barred by *Heck* and its progeny. The Amended Complaint is dismissed.

Leave to amend the Amended Complaint in the present civil action is denied, as such would be futile. Mr. Ingram may assert the claims dismissed herein, in any subsequent civil action, in the event he obtains a favorable termination related to the PBPP's decision to rescind his automatic reparole or subsequent decisions to deny him parole.

The Clerk shall mark this case Closed.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Kai D. Ingram, pro se
HC8003
SCI-GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370